**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sergio CANTU–RUELAS, Defendant–
Appellant.**

No. 05–41631.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Sergio Cantu–Ruelas (Cantu) appeals his sentence following his guilty-plea conviction of illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Cantu contends that the district court erred in treating his prior Texas conviction of burglary of a habitation as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As he concedes, this argument is foreclosed. *See United States v. Valdez–Maltos,* 443 F.3d 910, 911 (5th Cir.2006), *cert. denied,* 2006 WL 2094539 (U.S. Oct.2, 2006) (No. 06–5473); *United States v. Garcia–*

Mendez, 420 F.3d 454, 456–57 (5th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006).

Citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Cantu challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Cantu contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Cantu properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.